## UNITED STATES DISTRICT COURT FOR THE

## DISTRICT OF COLORADO

Civil Action No. 1:20-cv-1837

LAKINYA BESS, individually and on behalf of
all others similarly situated,

      Plaintiff,

      v.

FRONTIER AIRLINES, INC.,

      Defendant.

---

## CLASS ACTION COMPLAINT AND JURY DEMAND

---

### INTRODUCTION

1.      The COVID-19 pandemic has already killed over 100,000 Americans, left record numbers unemployed, and triggered a global economic downturn.

2.      At a time when many are struggling to get by and cash is at a premium, Defendant Frontier Airlines has forced its customers to extend them interest-free loans—even after the company received a bailout from the federal government through the Coronavirus Aid, Relief, and Economic Security (CARES) Act.

3.      Due to decreased demand for air travel, Frontier has cancelled the vast majority of its scheduled flights. But rather than returning its customers' money—as required by its Contract of Carriage and Department of Transportation rules—Frontier

is keeping that money and instead offering its customers vouchers for future travel.

4.      Plaintiff Lakinya Bess is one of the many consumers affected by Frontier's refusal to issue refunds. On behalf of herself and thousands like her, she seeks an order requiring Frontier to comply with its contractual obligations and an award of damages sufficient to compensate customers who have lost the use of their money during a public health and economic crisis.

## JURISDICTION AND VENUE

5.      The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d)(2) because this is a class action in which the amount in controversy exceeds $5,000,000, exclusive of interest and costs, there are more than 100 members in the proposed class, and at least one class member is a citizen of a state different from Defendant.

6.      Venue is proper in this Court under 28 U.S.C. §1391(b) because Frontier maintains its principal place of business in this district.

## PARTIES

7.      Plaintiff Lakinya Bess is a citizen and resident of Fairfield, California.

8.      Defendant Frontier Airlines, Inc., is a corporation registered under the laws of Colorado and headquartered in Denver, Colorado.

## FACTUAL ALLEGATIONS

### The Obligation of U.S. Airlines to Offer Refunds for Cancelled Flights

9.      Frontier is the eighth largest airline in the United States. Last year, the company took in more than $2.5 billion from operating flights to more than 100 domestic and 30 international destinations.

10.     When one of its flights is cancelled or significantly altered, the Department of Transportation has long required Frontier to provide full refunds to its customers.

11.     This requirement has existed since at least July 15, 1996, when the Department's Aviation Enforcement Office advised carriers that refusing to refund a non-refundable fare when a flight is canceled and the passenger wishes to cancel is a violation of 49 U.S.C. 41712 (unfair or deceptive practices) and would subject a carrier to enforcement action.

12.     The Department of Transportation reiterated this requirement on April 25, 2011, in issuing a final rule to improve the air travel environment for consumers:

> We reject some carriers' and carrier associations' assertions that carriers are not required to refund a passenger's fare when a flight is cancelled if the carrier can accommodate the passenger with other transportation options after the cancellation. We find it to be manifestly unfair for a carrier to fail to provide the transportation contracted for and then to refuse to provide a refund if the passenger finds the offered rerouting unacceptable (e.g., greatly delayed or otherwise inconvenient) and he or she no longer wishes to travel.

13.     The 2011 final rule required Frontier to adopt and adhere to a Customer Service Plan that, among other things, would promise to provide prompt refunds when ticket refunds were due, including refunding fees charged for optional service that the passenger was unable to use due to a flight cancellation.

**Frontier Incorporates its Refund Obligation Into Its Contracts**

14.     Frontier included its obligation to offer refunds when it cancels or substantially delays flights into the standardized Contract of Carriage that governs its provision of flight services.

15.     Section 18(C) of the Contract of Carriage is entitled Delay, Misconnection or Cancellation, and provides in relevant part that in the event a flight is cancelled, and Frontier is unable to provide suitable alternative air transportation to a passenger's destination, "Frontier shall, if requested, provide a refund for the unused portion of the passenger's ticket . . ."

16.     Section 18(B) similarly provides that if Frontier cancels, diverts, or delays any flight due to the occurrence of a force majeure event, it will "provide a refund for the unused portion of the ticket."

17.     And Frontier confirms in Section 12 of its Customer Service Plan that "if your flight is cancelled we'll provide you, upon request, a full refund of any unused portion of your ticket."

**Frontier Refuses to Offer Refunds in the Wake of COVID-19**

18.     As COVID-19 began spreading across the United States and most of the country was ordered to take refuge in their homes, demand for air travel plummeted. Passenger volume dropped by some 97%, reaching levels not seen since the 1950s.

19.     As a result of the decreased demand for its services, Frontier cancelled the vast majority of its scheduled flights. The airline cut more than 90% of its scheduled capacity for April 2020 and will continue to operate far below full capacity until there is a recovery in demand.

20.     Even as it cancels previously scheduled flights to save money, however, Frontier is not refunding consumers who paid for tickets on those flights—in violation of its Contract of Carriage, Customer Service Plan and Department of Transportation regulations. Frontier is instead giving consumers miles, credits or vouchers that are valid only for future travel and only for a limited time.

21.     In addition, Frontier has falsely represented to customers who ask for refunds that they are not eligible, changed the information provided on its website to make it appear that customers are not eligible for a refund, and required customers to fill out forms explaining why they need their money back.

22.     Frontier continues to withhold refunds from consumers even after the Department of Transportation issued a public enforcement notice in response to an increasing number of complaints from consumers given vouchers for future travel instead of refunds.

23.     The Department's notice was issued on April 3, 2020, emphasized that "[a]lthough the COVID-19 public health emergency has had an unprecedented impact on air travel, the airlines' obligation to refund passengers for cancelled or significantly delayed flights remains unchanged." Frontier and other airlines who were denying their customers refunds were warned that they would be subject to future enforcement actions if they did not timely remedy their non-compliance.

24.     Over a month later, on May 12, 2020, the Department of Transportation reported that it continued to receive a high volume of complaints. Whereas it typically receives about 1,500 complaints and inquiries each month, the Department received more than 25,000 complaints and inquiries in March 2020 and April 2020, many of which concerned refunds. The Department repeated that it intended to exercise its enforcement discretion and provide carriers with an opportunity to become compliant.

25.     Frontier also continues to withhold refunds from consumers even though it, unlike its customers, has access to inexpensive credit at a time when record numbers of Americans have lost their jobs and are struggling to make ends meet.

## PLAINTIFF'S EXPERIENCE

26.     Plaintiff Lakinya Bess is a member of Frontier's Discount Den, a paid subscription service that provides members access to Frontier's most deeply discounted fares.

27.     Bess purchased tickets directly from Frontier for a flight for herself and her young daughter to travel from San Francisco, California to Baltimore, Maryland on March 17, 2020.

28.     Frontier cancelled the flight, and notified Bess by email, asking whether she wanted a credit or refund.  She replied with an email requesting a refund.  Frontier responded by email, informing Bess that her refund would be processed within five to seven business days.

29.     Frontier then sent Bess another email advising her that she'd received a

5

credit of 20,000 miles.  She called to complain, saying that she'd requested a refund, not a mileage credit.  She was told that by opening the email with the credit offer, she'd accepted it.

30.     To date, Bess is yet to receive the refund she is owed.

## CLASS ALLEGATIONS

31.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff seeks to pursue her claims on behalf of a class of similarly situated persons. The parameters of the class may be refined through discovery and will be subject to Court approval and modification, but for purposes of this complaint, Plaintiff proposes the following class definition:

> All persons residing in the United States who purchased tickets for a Frontier Airlines flight scheduled to depart on or after March 1, 2020, whose flight was cancelled or significantly delayed, and who did not receive a full refund within 20 days of the cancellation.

32.     The proposed class meets each of the requirements for class certification pursuant to Rule 23(a), Rule 23(b)(2), and Rule 23(b)(3).

33.     <u>Numerosity</u>:  The class is sufficiently numerous such that individual joinders are impracticable. Frontier was scheduled to operate hundreds of flights each day in March and April 2020, cancelled the vast majority of those flights, and has implemented a widespread practice of refusing to give its customers refunds.

34.     <u>Commonality & Predominance</u>: Common questions of law and fact exist within the proposed class and are likely to predominate over any individualized issues. In particular, common issues of contractual interpretation—namely, whether Frontier's Contract of Carriage obligates it to pay refunds to customers who purchased tickets for flights subsequently cancelled by Frontier – are likely to be outcome determinative for the entire class.

35.     <u>Typicality</u>: Plaintiff's claims are typical of those asserted by the proposed

class, as Plaintiff and class members each bought tickets for Frontier flights that were subsequently cancelled and each was denied a refund.

36.     <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the proposed class. Plaintiff's interests do not conflict with the class's interests, as both seek to recover refunds for cancelled flights, and Plaintiff has retained counsel experienced in complex class litigation to represent class members' interests.

37.     <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Frontier has appropriated money that rightfully belongs to thousands of consumers, and only through collective action can that wrong be fully remedied.

38.     <u>Declaratory Relief</u>: Frontier has refused to issue refunds on grounds that apply generally to the class, such that final injunctive or corresponding declaratory relief is appropriate respecting the class as a whole.

## FIRST CAUSE OF ACTION
### Breach of Contract

39.     Plaintiff alleges this cause of action on behalf of herself and the proposed class, and in so doing, incorporates all preceding allegations.

40.     Frontier offered to provide transportation services to Plaintiff and class members under the terms and conditions set forth in its Contract of Carriage.

41.     Plaintiff and class members accepted Frontier's offer and by purchasing tickets for transportation on one or more of Frontier's flights.

42.     Plaintiff and class members did all or substantially all of the things the contract required of them, or were excused from doing those things.

43.     Frontier breached the contract by cancelling or substantially delaying its flights and failing to promptly refund Plaintiff's and class members' money, as required by its Contract of Carriage.

44.     Plaintiff and class members have suffered damages as a result of Frontier's breach of contract, including loss of the use of the money they spent for their tickets.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of members of the proposed class, respectfully requests the following relief:

A.     A determination this action may be maintained as a class action;

B.     An award of damages according to proof;

C.     A declaration that Frontier has a contractual obligation to pay refunds when it cancels or significantly delays a flight;

D.     Pre-judgment interest and post-judgment interest, as provided by law;

E.     Attorneys' fees and expenses, including expert fees and costs; and

F.     Any and all other legal and equitable relief that the Court may find appropriate.

## JURY DEMAND

Plaintiff hereby demands a jury trial for all claims so triable.

June 22, 2020                              Respectfully submitted,


                                          By:   /s/ Karen Barth Menzies

                                          Karen Barth Menzies (SBN 180234)
                                          Michael L. Schrag (SBN 185832)
                                          Joshua J. Bloomfield (SBN 212172
                                          **GIBBS LAW GROUP LLP**
                                          505 14th Street, Suite 1110
                                          Oakland, California 94612
                                          (510) 350-9700 (tel.)
                                          (510) 350-9701 (fax)
                                          **Error! Reference source not found.**


                                          **Error! Reference source not found.***and the*

                                          *Proposed Class*

8